## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA,**

**v.**                                    **Case No.: 8:23-cr-6-MSS-AEP**

**RYAN HANSEL**
_____ /

## SENTENCING MEMORANDUM IN SUPPORT OF
## A GUIDELINE SENTENCE

Ryan Hansel, through counsel, submits this memorandum in support of a sentence within the correctly calculated advisory guideline range. A sentence within the advisory sentencing guideline range of 57 to 71 months is sufficient but not greater than necessary to punish Mr. Hansel for his conduct, promote respect for the law, and protect the public, while accounting for his unique history and characteristics. As grounds in support thereof, Mr. Hansel states the following:

## BACKGROUND

This Court is intimately familiar with the facts of the case, as they were laid out over the course of a two-day trial in October 2023. Pasco Sheriff's Deputies converged on Ryan Hansel to arrest him in connection with a warrant on a state offense and Mr. Hansel fled. He tossed a firearm while he was being

1

pursued, and he had a bag of methamphetamine in his pocket when he was detained and searched. The events underlying the charge took place over a matter of less than two minutes and Mr. Hansel was initially charged with offense related to the date of his arrest in Pasco County, Florida.

Over six months after his initial arrest, Mr. Hansel was charged via a three-count indictment with being a felon in possession of a firearm and ammunition, possession of methamphetamine with intent to distribute, and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 922 (g)(1), 21 U.S.C. §841(a)1, and 18 U.S.C. §924(c). Doc. 1. This Court presided over a trial which began on October 23, 2023, wherein Mr. Hansel admitted to being guilty of possession of the firearm but denied that he was dealing drugs at the time of his arrest, or that he possessed the firearm for the purpose of furthering a drug trafficking crime. The jury agreed with Mr. Hansel. Doc. 48. He then exercised his right to challenge the government's claim that he was subject to the significantly enhanced penalties of the Armed Career Criminal Act. 18 U.S.C. § 924(e). This Court found that, as a matter of law, the government could not meet their burden to show that Mr. Hansel is subject to the ACCA enhancement. Doc. 50.

Ryan Hansel appears before this Court for sentencing convicted of a victimless, status-based offense for which he has taken full responsibility,

2

and he is seeking a sentence within the advisory guideline range because his conduct and history are appropriately captured by the applicable sentencing guidelines.

## SENTENCING GUIDELINES

United States Probation has taken the position in the Presentencing Investigation Report ("PSR) that Mr. Hansel is facing statutory penalties of between 15 years and life imprisonment, and that his advisory guideline sentencing range is 235 to 293 months of imprisonment. PSR ¶ 89-90. Mr. Hansel maintains his objections, detailed in his submission attached to the PSR, to the position that he is subject to the sentencing enhancements in the Armed Career Criminal Act; the enhanced penalties appear at multiple points in the PSR.[1] He also maintains the objection that he does qualify for a two-level downward adjustment for acceptance of responsibility; he admitted to the only count for which he was convicted, he did not question any witnesses related to that court, and he argued to the jury that they should convict him of that particular count. Under a correct application of the law, he is not subject to any mandatory minimum term of imprisonment and an accurate application of the guidelines produces an advisory sentencing guideline range of 57 to 71

---

[1] *See* PSR page 1 "Offense" section, paragraphs 22,45, 89-90.

months of imprisonment.[2]

## REQUEST FOR A GUIDELINE SENTENCE

The United States seems to be suggesting, contrary to the explicit findings of the jury, that Mr. Hansel should receive a sentence well above the advisory sentencing range because he was dealing drugs at the time that he was in possession of the firearm that was subject to count one. Mr Hansel would reiterate what we learned about this allegation in the trial: the car that was the subject of a suspected drug deal was an Uber ride that law enforcement confirmed was related to drug dealing, and Mr. Hansel was not in possession of a scale, a ledger, smaller baggies (or drugs divided into smaller baggies), or any of the other traditional paraphernalia noted in decades of cases which discuss circumstantial evidence of drug dealing. The government's unproven suspicion is not a basis to impose an upward variance in this case.

Similarly, Mr. Hansel's difficult childhood is also not a reason to impose a sentence above the advisory guideline range. Children are not inherently criminals— kids end up in our criminal legal system when factors out of their control, like an absent parent, abuse at the hands of an adult, or an unstable

---

[2] As noted at ¶ 16 of the PSR, Mr. Hansel has a base offense level of 20 under U.S.S.G. §2K2.1. With a two-level downward adjustment for acceptance of responsibility he should have a total offense level of 18. An offense level of 18 and a criminal history category VI results in an advisory guideline range of 57 to 71 months.

4

homelife, impact their behavior. Mr. Hansel grew up without a father in a poor area where he was a witness, as a child, to violence, drug dealing, and prostitution. Reprehensible views on race were prevalent in his community and he was exposed to them very young. He also started using drugs and alcohol and a shockingly young age, and he did have to contend with charges in our juvenile legal system. This history suggests that Ryan Hansel started life with significant disadvantages and it not a rational basis for imposing a sentence well above the guideline range.

Ultimately, there is no aspect of this crime or of Mr. Ryan's history that have not already been considered by the Sentencing Commission in fashioning the guidelines. Section 2K2.1 considers a wide variety of enhancements, to include the type and number of firearms, the potential purpose use or purpose of the firearm, and any harms associated with other crimes. In addition to those considerations, §2K2.1 provides for an increased base offense level for defendants who have certain prior criminal convictions; Mr. Hansel's criminal history is included in this calculation both as part of his total offense level and as part of his criminal history category. There is no support for the position that this case falls outside of the heartland of cases contemplated by the Sentencing Commission or compelling reasons to impose a sentence many years above the advisory range.

WHEREFORE, Ryan Hansel respectfully suggests that a sentence of 57 to 71 months of imprisonment, the correctly calculated advisory sentencing guideline range, is sufficient but not greater than necessary to punish him for his conduct, promote respect for the law, protect the community, and account for his history and characteristics.

DATED this 5th day of January 2024.

Respectfully submitted,

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER

*/s/ Sara L. Mieczkowski*
Sara L. Mieczkowski, Esq.
Assistant Federal Defender
Florida Bar No. 0085143
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone:  (813) 228-2715
Facsimile:   (813) 228-2562
Email: sara_mieczkowski@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5th day of January 2024, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Samantha E. Beckman, AUSA

*/s/ Sara L. Mieczkowski*
Sara L. Mieczkowski, Esq.
Assistant Federal Defender

7